UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 14-808-JFW (VBKx)**                              Date:  April 28, 2014

Title:        Perfect 10, Inc. -v- Ocom B.V. et al.

**PRESENT:**

     HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

   Shannon Reilly                                        None Present
   Courtroom Deputy                                   Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
     None                                                                  None

**PROCEEDINGS (IN CHAMBERS):**        ORDER DENYING DEFENDANT LEASEWEB USA, INC.'S MOTION TO DISMISS FIRST AMENDED COMPLAINT [filed 3/28/2014; Docket No. 17]

     On March 28, 2014, Defendant LeaseWeb USA, Inc. ("LeaseWeb USA") filed a Motion to Dismiss First Amended Complaint. On April 7, 2014, Plaintiff Perfect 10, Inc. ("Plaintiff" or "Perfect 10") filed its Opposition. On April 14, 2014, LeaseWeb USA filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument. The matter was, therefore, removed from the Court's April 28, 2014 hearing calendar and the parties were given advance notice. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

     Perfect 10 is a California corporation having its principal place of business in Los Angeles County. It designs, creates, produces, markets, promotes, and sells copyrighted adult entertainment products. It operated the well-known magazine *Perfect 10*, which it allegedly closed because of "rampant infringement." Perfect 10 currently operates perfect10.com, a subscription-based website which provides access to Perfect 10's copyrighted content.

     LeaseWeb USA is a Delaware corporation, with its headquarters and principal place of business located in Manassas, Virginia.[1] LeaseWeb USA is an internet hosting service provider which provides dedicated servers and internet connectivity to its customers. A LeaseWeb USA

---

     [1]LeaseWeb USA along with Defendants LeaseWeb Netherlands B.V. and LeaseWeb Deutschland GmbH are subsidiaries of Defendant Ocom B.V.

customer may host its own website on a server it leases from LeaseWeb USA, or it may act as a reseller of hosting services and "sub lease" that server space to others. LeaseWeb USA's only server facility or data center which hosts customer's websites is located in Manassas, Virginia. Although it does not own a server facility in California, it owns some networking equipment in the San Francisco area.

The leaseweb.com website, which is jointly used by Defendants Ocom B.V., LeaseWeb Netherlands B.V., LeaseWeb Deutschland GmbH, and LeaseWeb USA, states that LeaseWeb is "one of the largest hosting providers in the world" and advertises that its network is connected with "internet exchanges" in Los Angeles and Palo Alto, among other locations. The parties have not presented any evidence that demonstrates how many of LeaseWeb USA's customers are California residents.

LeaseWeb USA does not have a mailing address or office in California. It has never had any employees or bank accounts in California and has never paid taxes in California. At the time Perfect 10 filed this action, LeaseWeb USA was not registered to do business in California and did not have an agent for service of process in California. However, on March 12, 2014, after this action was filed, LeaseWeb USA designated an agent for service of process in California.

In its First Amended Complaint filed on March 4, 2014, Perfect 10 alleges that LeaseWeb USA and Defendants Ocom B.V., LeaseWeb Netherlands B.V., and LeaseWeb Deutschland GmbH (collectively "LeaseWeb") provided dedicated hosting services to websites that infringe Perfect 10's copyrighted works. More specifically, Perfect 10 alleges that LeaseWeb USA provides hosting services to the following infringing websites: poringa.net, ultraforos.com, ultraforos.net, and imgbox.com.[2] At least one of those websites, imgbox.com, is operated in California.

Between February 2013 and the present, Perfect 10 has sent at least 22 DMCA notices to abuse@leaseweb.com, which identified approximately 12,220 images that it claims infringed Perfect 10's copyrights. According to Perfect 10, LeaseWeb USA and its affiliates have refused to "process" those DMCA notices and failed to take any action to remove the infringing images. Those DMCA notices were signed by Dr. Norm Zada, the President of Perfect 10, and identified a

---

[2]LeaseWeb USA argues that the Court should disregard Perfect 10's evidence related to California website imgbox.com because it is not specifically referred to in the First Amended Complaint. *See* Reply at p. 2 ("P10's arguments regarding 'imgbox.com' . . . are irrelevant, as that website does not even appear in the FAC and has no bearing on a specific jurisdiction analysis."). However, Plaintiff made it clear in its First Amended Complaint that it was not limiting its claims solely to the websites listed in its First Amended Complaint. *See* First Amended Complaint at ¶ 30 (stating "LeaseWeb Defendants currently host *at least* eight websites on their servers located in Manassus, Virginia that infringe Perfect 10's Copyrighted Works" and in describing those websites alleges that "[t]hese websites include, *without limitation* . . . .") (emphasis added). Moreover, according to the Declaration of Dr. Norman Zada in support of Perfect 10's Opposition, at least one of the 22 DMCA notices referred to in the First Amended Complaint identified the website imgbox.com as infringing Perfect 10's copyrights. Accordingly, the Court will consider Perfect 10's evidence related to imgbox.com.

California mailing address in Beverly Hills, CA.

In its First Amended Complaint, Plaintiff alleges one claim for relief for copyright infringement against Defendants LeaseWeb USA, Ocom B.V., LeaseWeb Netherlands B.V., and LeaseWeb Deutschland GmbH.  Perfect 10 has only served LeaseWeb USA and has not yet served its foreign affiliates.  LeaseWeb USA moves to dismiss the First Amended Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## II.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

### A.   Procedural Considerations

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, the Court may decide a question of personal jurisdiction on the basis of affidavits and documentary evidence submitted by the parties, or may hold an evidentiary hearing on the matter.  *See* 5A Wright & Miller, Federal Practice and Procedure, § 1351, at pp. 253-59 and n. 31-35 (2d ed. 1990); *Rose v. Granite City Police Dept.*, 813 F. Supp. 319, 321 (E.D. Pa. 1993).  Whichever procedure is used, plaintiff bears the burden of establishing that jurisdiction is proper.  *See, e.g., Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011).

When the Court does not hold an evidentiary hearing and instead relies on written materials, the plaintiff need only make a prima facie showing of personal jurisdiction to survive a motion to dismiss. *Id.* at 1223. All allegations in the plaintiff's complaint must be taken as true, to the extent not controverted by the defendant's evidence, and all conflicts in the evidence must be resolved in the plaintiff's favor.  *AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

### B.   Substantive Standard

Because there is no applicable federal statute governing personal jurisdiction in this case, the Court applies the law of California.  *See, e.g., Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  California's long-arm statute extends jurisdiction to the limits of constitutional due process. *See Gordy v. Daily News, L.P.*, 95 F.3d 829, 831 (9th Cir. 1996); Cal. Code. Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States").  Therefore, the Court must determine whether the requirements of due process are satisfied by the Court's exercise of personal jurisdiction over LeaseWeb USA.

The Fourteenth Amendment's Due Process Clause only permits courts to exercise personal jurisdiction over a defendant who has sufficient "minimum contacts" with the forum state such that "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). There are two recognized bases for personal jurisdiction over nonresident defendants: (1) "general jurisdiction," which arises where the defendant's activities in the forum state are sufficiently "substantial" or "continuous and systematic" to justify the exercise of jurisdiction over him or it in all matters; and (2) "specific jurisdiction," which arises when a defendant's specific contacts with the forum have given rise to

the claim in question. *See Helicopteros Nacionales de Columbia S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Doe v. American Nat'l Red Cross*, 112 F.3d 1048, 1050-51 (9th Cir. 1997).

In this case, Perfect 10 concedes that the Court does not have general jurisdiction over LeaseWeb USA, and instead contends that LeaseWeb USA's contacts with California are sufficient to establish specific jurisdiction. Accordingly, the Court focuses on specific jurisdiction. The Ninth Circuit has developed a three-part test for assessing the exercise of specific personal jurisdiction over a party:

(1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (2004); *see also Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988). "The plaintiff bears the burden of satisfying the first two prongs of the test. . . . If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

**C.      Personal Jurisdiction Analysis**

1.   <u>LeaseWeb USA  purposefully directed its activities toward California.</u>

In order to meet the first prong of the specific jurisdiction test, Perfect 10 must establish that LeaseWeb USA either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California. *Schwarzenegger,* 374 F.3d at 802. This first prong "ensures that a nonresident defendant will not be haled into court based upon 'random, fortuitous or attenuated' contacts with the forum state." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citations omitted). The first prong refers to both "purposeful direction" and "purposeful availment," which are "distinct concepts.*" Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1228 (9th Cir. 2011).; *Schwarzenegger*, 374 F.3d at 802*.* In cases involving tortious conduct, courts generally apply a purposeful direction analysis. *Mavrix Photo, Inc.*, 647 F.3d at 1228. Because Perfect 10 "has alleged copyright infringement, a tort-like cause of action, purposeful direction is the proper analytical framework." *Id.* (quotations and citations omitted).

In order to determine whether a non-resident defendant purposefully directed its activities toward California, the Ninth Circuit applies its "effects" test, which it crafted based on the Supreme Court's decision in *Calder v. Jones,* 465 U.S. 783 (1984). To satisfy this test, the defendant must

have: "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Schwarzenegger*, 374 F.3d at 803 (quotations and citations omitted). Although the Ninth Circuit commonly refers to this test as the *Calder* "effects" test, the Ninth Circuit has "warned courts not to focus too narrowly on the test's third prong -- the effects prong -- holding that 'something more' is needed in addition to a mere foreseeable effect." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (citation omitted). The Ninth Circuit has concluded that "'something more' is what the Supreme Court described as 'express aiming' at the forum state." *Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000).

The Court concludes that Perfect 10 has made a prima facie showing that LeaseWeb USA purposefully directed its activities toward California, i.e. committed an intentional act, expressly aimed at California, causing harm that the LeaseWeb USA knew was likely to be suffered in California. LeaseWeb USA provided its hosting services to at least one website operated in California, and continued to provide those hosting services to that California customer, even after it acquired actual knowledge that its California customer was allegedly infringing a California company's copyrights.[3] These contacts alone are sufficient to establish purposeful direction and express aiming at the forum state. *See Mavrix*, 647 F.3d at 1229 ("[W]e find most salient the fact that Brand used Mavrix's copyrighted photos as part of its exploitation of the California market for its own commercial gain."); *Washington Shoe Co. v. A-Z Sporting Goods Inc.,* 704 F.3d 668, 675 (9th Cir. 2012) (quoting *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002) ("We have repeatedly stated that the 'express aiming' requirement is satisfied, and specific jurisdiction exists, 'when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state.'"); *id.* at 678 (finding that defendant's intentional acts were expressly aimed at the copyright held by the plaintiff because the plaintiff knew that its intentional acts would impact plaintiff's copyright by virtue of the cease-and-desist letter it had received).

Although these contacts are more than sufficient to establish that LeaseWeb USA purposefully directed and expressly aimed its activities toward California, they are not LeaseWeb

---

[3]The Court notes that the Ninth Circuit does not require that the intentional act itself be tortious or wrongful. *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1207-1208 (9th Cir. 2006)("In any personal jurisdiction case we must evaluate all of a defendant's contacts with the forum state, whether or not those contacts involve wrongful activity by the defendant. Many cases in which the *Calder* effects test is used will indeed involve wrongful conduct by the defendant. But we do not read *Calder* necessarily to require in purposeful direction cases that all (or even any) jurisdictionally relevant effects have been caused by wrongful acts. We do not see how we could do so, for if an allegedly wrongful act were the basis for jurisdiction, a holding on the merits that an act was not wrongful would deprive the court of jurisdiction."). Accordingly, it is unnecessary to determine whether the conduct in this case was tortious or wrongful. However, the act of providing hosting services to a customer, and continuing to do so after discovering that the customer is allegedly infringing a plaintiff's copyrights, may constitute a wrongful or tortious act that would be sufficient to support a claim for contributory copyright infringement. *See Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. 2011).

USA's only contacts with California. LeaseWeb USA has attempted to solicit California customers by publicly promoting and marketing its network infrastructure and connectivity in California via its website, and, at a minimum, has entered the California marketplace. *See Mavrix*, 647 F.3d at 1231 ("[W]here, as here, a website with national viewership and scope appeals to, and profits from, an audience in a particular state, the site's operators can be said to have expressly 'aimed' at that state."). In light of these contacts, there can be no serious claim or concern that LeaseWeb USA is being haled into a distant forum based upon "random, fortuitous or attenuated" contacts.

Moreover, in considering the third element of the *Calder* effects test, the Court concludes that LeaseWeb USA certainly knew or should have known that its intentional acts would likely cause harm in California. Indeed, "[t]he economic loss caused by the intentional infringement of a plaintiff's copyright is foreseeable." *Mavrix Photo, Inc.*, 537 F.3d at 1231. "In determining the situs of a corporation's injury, '[o]ur precedents recognize that in appropriate circumstances a corporation can suffer economic harm both where the bad acts occurred and where the corporation has its principal place of business.'" *Id.* (quoting *Dole Food Co, Inc. v. Watts*, 303 F.3d 1104, 1113 (9th Cir. 2002). LeaseWeb USA knew or should have known that Perfect 10 would suffer economic harm in California, when it refused to process DMCA notices reflecting a California mailing address.

Accordingly, the Court concludes that Perfect 10 has established that LeaseWeb USA purposefully directed its activities toward California.

        2.       <u>Arising out of or relating to LeaseWeb USA's forum related activities</u>

Based on the evidence, the Court also concludes that Perfect 10's has made a prima facie showing of the second prong of the specific jurisdiction test, i.e. its claim for copyright infringement arises out of or relates to LeaseWeb USA's forum-related activities. The Ninth Circuit has adopted a "but for" test in assessing whether a plaintiff's claim arises out of or relates to a defendant's forum related activities. *See, e.g., Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1088 (9th Cir. 2000). In other words, a court "must determine if the [plaintiff] would not have been injured 'but for' the [defendant's] conduct directed toward [plaintiff] in California." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). The Court easily concludes, that "but for" Lease WebUSA's provision of hosting services to infringers of Perfect 10's copyrights, at least one of which is based in California, and "but for" its alleged refusal to process Perfect 10's DMCA notices, Perfect 10 would not have been injured.

        3.       <u>Fair Play and Substantial Justice</u>

Because Perfect 10 has satisfied the first two prongs of the specific jurisdiction test, the burden then shifts to LeaseWeb USA to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Schwarzenegger*, 374 F.3d at 802 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)). This third "reasonableness" prong is satisfied when the following factors weigh in favor of the exercise of jurisdiction over a nonresident defendant:

    (1)    The extent of purposeful interjection into the forum state;
    (2)    The burden on the defendant of defending in the forum;

  (3) The extent of conflict with the sovereignty of defendant's state;
  (4) The forum state's interest in adjudicating the dispute;
  (5) The most efficient judicial resolution of the controversy;
  (6) The importance of the forum to the plaintiff's interest in convenient and effective relief; and
  (7) The existence of an alternative forum.

*Fed. Deposit Ins. Corp. v. British-American Ins. Co.*, 828 F.2d 1439, 1442 (9th Cir. 1987) (citing *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 840 (9th Cir. 1986)). Although it was LeaseWeb USA's burden to present a compelling case that the exercise of jurisdiction would not be reasonable, LeaseWeb USA apparently recognized that it could not meet its burden because it only devoted a total of four sentences in its papers to this prong of the specific jurisdiction test, and two of those sentences were merely conclusions. Indeed, LeaseWeb USA did not address or even refer to the relevant factors or cite any case law, which is tantamount to a concession that the exercise of jurisdiction over it would be reasonable. Accordingly, based on the evidence of LeaseWeb USA's contacts in California, the Court concludes that the exercise of jurisdiction over LeaseWeb USA in California is reasonable.

  LeaseWeb USA's motion to dismiss for lack of personal jurisdiction is **DENIED.**

## III. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

  A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)). However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted). "[F]actual allegations must be enough to raise a right to relief above the speculative level." *Id.*

  In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party. *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

  The Court finds that the issues raised by LeaseWeb USA are more appropriately resolved in a motion for summary judgment. Accordingly, LeaseWeb USA's motion to dismiss for failure to state a claim is **DENIED.**

## IV. CONCLUSION

      For the foregoing reasons, LeaseWeb USA's Motion to Dismiss First Amended Complaint is **DENIED.**  LeaseWeb USA shall file an Answer to Perfect 10's First Amended Complaint on or before **May 5, 2014**.

      IT IS SO ORDERED.